# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVE ONIEL STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-1220-NAB |
| ) | |
| UNKNOWN SARAH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Steve Oniel Stephens for leave to commence this action without prepayment of the required filing fee. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## Legal Standard

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Additionally, if this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## The Complaint

Plaintiff filed this action on September 9, 2020 against Lt. Unknown Sarah, Commander Unknown Edward, Commander Unknown Scott, and Academi Corporation. He prepared the complaint using a court-provided form, as required. It appears he intends to invoke this Court's federal question jurisdiction, as he placed marks on the form complaint near the space provided to

so indicate. He provides a Missouri mailing address for himself, but he does not identify his citizenship. Similarly, he provides a Virginia mailing address for Academi Corporation, but he does not identify its citizenship, nor does he identify the citizenship of any other defendant. He specifies no particular amount in controversy.

In setting forth his statement of claim, plaintiff writes:

> Academi Corporation: Academi Corporation is not providing information about my entitlement to a trust after hiring them to properly locate information needed to claim my rightful ownership of the trust. Arguing over legal custody for a trust.

(ECF No. 1 at 5). In setting forth his prayer for relief, plaintiff writes:

> For Academi, or the Stakeholders thereof, to release information needed to claim my stake in a trust. Proof of A Power of Attorney.

The complaint contains no allegations concerning the remaining defendants.

On December 2, 2019, plaintiff filed a nearly identical complaint against these same defendants. *See Stephens v. Sarah, et al.*, No. 4:19-cv-3185-NCC (E.D. Mo. 2019). On January 23, 2020, the case was dismissed for lack of subject matter jurisdiction. Plaintiff filed a notice of appeal in the United States Court of Appeals for the Eighth Circuit, and on April 28, 2020, the Court of Appeals affirmed the dismissal.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). They possess only the power authorized by the Constitution and federal law. *Id.* A federal district court's jurisdiction arises, in large part, from two sources. First, a district court "has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, a district court has original jurisdiction of civil actions where the requirements of diversity jurisdiction are met. 28 U.S.C. § 1332. "It is to be presumed that a cause lies outside this limited

jurisdiction," and the party asserting jurisdiction bears the burden of establishing the contrary. *Kokkonen*, 511 U.S. at 377.

In the case at bar, it appears plaintiff intends to invoke this Court's federal question jurisdiction. However, he neither identifies the source of such jurisdiction, nor pleads facts that would allow this Court to construe his claims as arising under the Constitution or laws of the United States. Federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has also failed to plead federal diversity jurisdiction, as he has neither alleged that the parties are completely diverse nor alleged a sufficient amount in controversy. *See* 28 U.S.C. § 1332; *see also Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (citation omitted) (a party seeking to invoke diversity jurisdiction has the burden of pleading the citizenship of the parties). Accordingly, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Plaintiff has also filed a motion to appoint counsel. Because civil litigants such as plaintiff have no constitutional or statutory right to court-appointed counsel, this Court has broad discretion to decide whether both the plaintiff and the court would benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), *Sours v. Norris,* 782 F.2d 106, 107 (8th Cir. 1986) (per curiam). Having considered the relevant factors, the Court concludes that no such benefit is apparent here. Additionally, it appears this Court lacks subject matter jurisdiction over this action. The Court will therefore deny the motion at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this action, without prejudice and without further notice.**

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of September, 2020.