UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVE ONIEL STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1220-NAB |
| ) | |
| UNKNOWN SARAH, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. For the reasons explained below, this case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Background**

Plaintiff initiated this action on September 9, 2020 by filing a complaint against Lt. Unknown Sarah, Commander Unknown Edward, Commander Unknown Scott, and Academi Corporation.[1] He prepared the complaint using a court-provided form, as required. It appeared he intended to invoke this Court's federal question jurisdiction, as he placed marks on the form complaint near the space provided to so indicate. He provided a Missouri mailing address for himself, but did not identify his citizenship. He provided a Virginia mailing address for Academi Corporation, but did not identify its citizenship, nor did he identify the citizenship of any other defendant. He specified no particular amount in controversy.

In setting forth his statement of claim, plaintiff wrote:

---

[1] On December 2, 2019, plaintiff filed a nearly identical complaint against these same defendants. *See Stephens v. Sarah, et al.*, No. 4:19-cv-3185-NCC (E.D. Mo. 2019). On January 23, 2020, the case was dismissed for lack of subject matter jurisdiction. Plaintiff appealed, and on April 28, 2020, the United States Court of Appeals for the Eighth Circuit affirmed the dismissal.

> Academi Corporation: Academi Corporation is not providing information about my entitlement to a trust after hiring them to properly locate information needed to claim my rightful ownership of the trust. Arguing over legal custody for a trust.

(ECF No. 1 at 5). In setting forth his prayer for relief, plaintiff wrote:

> For Academi, or the Stakeholders thereof, to release information needed to claim my stake in a trust. Proof of A Power of Attorney.

The complaint contained no allegations concerning the remaining defendants. As fully explained in the Court's September 15, 2020 order, the Court determined that it appeared to lack jurisdiction over the action, and directed plaintiff to show cause why the case should not be dismissed.

> Plaintiff filed a response that is entirely incomprehensible. For example, he writes:

> Yeah commander this is Steve I want you to give me 12 million dollars and put in Back of America and I want 12 bodyguards . . . and want to build a condo and find out more about my daughter I want to build a house and a condo and a bulletproof car so that's what I want you to do . . . and I want you to give me some body armor and a badge and a mps machine gun to deal with any dangerous situations so that is what is

(ECF No. 6). The response continues in such manner.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). They possess only the power authorized by the Constitution and federal law. *Id.* A federal district court's jurisdiction arises, in large part, from two sources. First, a district court "has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, a district court has original jurisdiction of civil actions where the requirements of diversity jurisdiction are met. 28 U.S.C. § 1332. "It is to be presumed that a cause lies outside this limited jurisdiction," and the party asserting jurisdiction bears the burden of establishing the contrary. *Kokkonen*, 511 U.S. at 377.

As noted in the Court's September 15, 2020 order, there is no indication that this case arises under the Constitution, laws or treaties of the United States. Federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Additionally, there is no indication that federal diversity jurisdiction is present, as plaintiff has neither alleged that the parties are completely diverse nor alleged a sufficient amount in controversy. *See* 28 U.S.C. § 1332; *see also Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (citation omitted) (a party seeking to invoke diversity jurisdiction has the burden of pleading the citizenship of the parties). Finally, plaintiff has failed to show cause why this case should not be dismissed for lack of jurisdiction. As a result, the Court concludes that it lacks jurisdiction over this action, and will dismiss it. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of October, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE